STATE OF NORTH DAKOTA　　　　　　　　　　IN DISTRICT COURT

COUNTY OF BURLEIGH　　　　　　　　　　　SOUTH CENTRAL JUDICIAL DISTRICT

　　　　　　　　　　　　　　　　　　　　　　CIVIL NO. _____

DJ Coleman Inc.,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　 )
　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　 )　　　SUMMONS
　　　　　　　　　　　　　　　　)
Nufarm Americas Inc.　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　 )

　　　　　***　　　　　　　***　　　　　　　***
THE STATE OF NORTH DAKOTA TO THE ABOVE NAMED DEFENDANT

　　YOU ARE HEREBY SUMMONED and required to appear and defend against the Complaint in this action, which is herewith served upon you, by serving upon the undersigned an Answer or other proper response within twenty (20) days after the service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

　　Dated this 17th day of April, 2008.

　　　　　　　　　　　　　　SMITH BAKKE PORSBORG & SCHWEIGERT

　　　　　　　　　　　　　　By /s/ Scott K. Porsborg
　　　　　　　　　　　　　　　　Scott K. Porsborg
　　　　　　　　　　　　　　　　116 North 2nd Street
　　　　　　　　　　　　　　　　P.O. Box 460
　　　　　　　　　　　　　　　　Bismarck, ND 58502-0460
　　　　　　　　　　　　　　　　(701) 258-0630
　　　　　　　　　　　　　　　　ND State Bar ID No. 04904

　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　DJ Coleman Inc.


EXHIBIT A

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF BURLEIGH | SOUTH CENTRAL JUDICIAL DISTRICT |
| | CIVIL NO. _____ |

DJ Coleman Inc., )
        Plaintiff, )
vs. ) COMPLAINT AND JURY DEMAND
Nufarm Americas Inc., )
        Defendant. )

\*\*\*      \*\*\*      \*\*\*

COMES NOW, the plaintiff, D.J. Coleman Inc., and for its Complaint against the defendant, Nufarm Americas Inc., alleges and states as follows:

### THE PARTIES

I.

Plaintiff is a farm corporation, incorporated in the State of North Dakota, which conducts farming operations in Burleigh County, North Dakota.

II.

Upon information and belief, defendant is a corporation, incorporated in the State of Illinois, which sells herbicides within the State of North Dakota or places herbicides into the stream of commerce to be sold in North Dakota.

- 1 -

## GENERAL ALLEGATIONS

### III.

Plaintiff owns and operates a farm in which it planted sunflowers in 2007.

### IV.

Plaintiff appropriately applied the herbicide Assert to the sunflower crop. Defendant manufactured the Assert that plaintiff applied to the sunflower crop.

### V.

The Assert caused damage to the sunflowers, resulting in a total loss of the sunflower crop. The damage to the sunflowers was caused by defects in the Assert, defendant's negligence, failure to warn, breach of warranties, statutory violations, and/or other fault of defendant.

## PRODUCTS LIABILITY

### VI.

Defendant manufactured and placed Assert into the stream of commerce in North Dakota.

### VII.

Among other defects, the Assert was defectively designed, defectively manufactured, defectively tested, and otherwise defective when used in accordance with defendant's instructions and/or reasonable use.

VIII.

As a result of the defects, plaintiff's sunflower crop was damaged, subjecting defendant to liability, including strict liability.

## NEGLIGENCE

IX.

Defendant had duties, among other duties, to supply a non-defective herbicide, to properly test the herbicide, to provide a herbicide that would perform satisfactorily, would not damage crops when used in accordance with instructions and/or reasonable use, and would be safe to use on plaintiff's sunflowers. Defendant breached its duties, which proximately caused damage to plaintiff's sunflower crop.

## FAILURE TO WARN

X.

Defendant had a duty to warn plaintiff regarding, among other things, proper use and application of Assert and risks of property damage from use of Assert. Defendant failed to warn plaintiff, resulting in damage to plaintiff's sunflower crop.

XI.

Defendant's failure to warn constitutes a breach of state statutory and/or common law, to the extent consistent with federal law, including the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA).

## BREACH OF WARRANTIES

XII.

Defendant expressly warranted that, among other things, the Assert would be effective, would perform satisfactorily, would not damage crops when used in accordance with instructions and/or reasonable use, and would be safe to use on plaintiff's sunflowers. Defendant breached express warranties, resulting in damage to plaintiff's sunflower crops.

XIII.

Among other implied warranties, defendant impliedly warranted that the Assert was fit for the purpose of controlling weeds in relation to sunflower crops, that the Assert was merchantable, that the Assert would perform satisfactorily, would not damage crops when used in accordance with instructions and/or reasonable use, and would be safe to use on plaintiff's sunflowers. Defendant breached implied warranties, resulting in damage to plaintiff's sunflower crops.

XIV.

In addition to express and implied warranties from defendant directly to plaintiff, plaintiff could reasonably be expected to use the Assert and plaintiff was a third-party beneficiary to any express or implied warranty defendant gave to distributors, retailers, resellers, and others. Defendant breached express and implied warranties to distributors, retailers, resellers, and others, resulting in damage to plaintiff's sunflower crops.

## STATUTORY VIOLATIONS

### XV.

Defendant, with intent to sell Assert, made advertisements that contained assertions, representations, or statements of fact which were untrue, deceptive, or misleading regarding, among other things, Assert's effectiveness, performance, proper use, and safety to plaintiff's sunflowers. Defendant's assertions, representations, statements of fact, and/or other conduct constitute a violation of North Dakota Century Code Chapter 35-12 and other applicable law.

### XVI.

Defendant used deceptive acts or practices, fraud, false pretenses, false promises, and misrepresentations regarding, among other things, Assert's effectiveness, performance, proper use, and safety to plaintiff's sunflowers. Defendant acted with the intent that plaintiff and others rely on defendant's advertising. Defendant's conduct constitutes unlawful sales or advertising practices pursuant to North Dakota Century Code Chapter 51-15, entitling plaintiff to treble damages, costs, disbursements, and actual reasonable attorney's fees incurred in this action.

WHEREFORE, plaintiff prays for judgment against the defendants as follows:

1. For economic and non-economic damages in an amount not less than $50,000;

2.  For his costs, disbursements and attorney's fees as allowed by law; and

3.  For such other and further relief is the Court deems just and appropriate.

PLAINTIFF HEREBY DEMANDS A JURY OF SIX PERSONS.

Dated this 17th day of April, 2008.

SMITH BAKKE PORSBORG & SCHWEIGERT

By _____
Scott K. Porsborg
116 North 2nd Street
P.O. Box 460
Bismarck, ND 58502-0460
(701) 258-0630
ND State Bar ID No. 04904

Attorneys for Plaintiff,
DJ Coleman Inc.

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
04/18/2008
CT Log Number 513332056

TO: Ken Mikes
NUFARM USA, INC.
150 Harvester Drive, Suite 200
Burr Ridge, IL 60527

RE: **Process Served in North Dakota**

FOR: NuFarm Americas, Inc. (Domestic State: IL)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | DJ Coleman Inc., Pltf. vs. Nufarm Americas Inc., Dft. |
| DOCUMENT(S) SERVED: | Letter, Summons, Complaint and Jury Demand, Pltf's Interrogatories and Request for Porduction of Documents to Dft. |
| COURT/AGENCY: | District Court, County of Burleigh, ND<br>Case # None Specified |
| NATURE OF ACTION: | Product Liability Litigation - Breach of Warranty - Dft. alledgedly breached warranty on the safe use of herbicde Assert resulting in damage to Pltf's sunflower crop. |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Bismarck, ND |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 04/18/2008 postmarked on 04/17/2008 |
| APPEARANCE OR ANSWER DUE: | Within 20 days. |
| ATTORNEY(S) / SENDER(S): | Scott K. Porsborg<br>Smith, Bakke, Porsborg & Schweigert<br>116 N 2nd St.<br>P.O. Box 460<br>Bismarck, ND 58502-0460<br>701-258-0630 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 790988046540 |
| SIGNED: | C T Corporation System |
| ADDRESS: | 314 East Thayer Avenue<br>Bismarck, ND 58501 |
| TELEPHONE: | 701-223-2890 |

Page 1 of 1 / LW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



smith
bakkeporsborg
&schweigert
attorneys at law

April 17, 2008

116 North 2nd Street
Bismarck, ND 58501

P.O. Box 460
Bismarck, ND 58502-0460
Phone (701) 258-0630
Fax (701) 258-6498

VIA CERTIFIED MAIL
NO. 7007 0710 0001 4210 1407
RETURN RECEIPT REQUESTED

C T Corporation System
P.O. Box 400
Bismarck, ND 58502-0400

In re:   DJ Coleman v. Nufarm Americas

Dear Sir/Madam:

Enclosed and served upon you as the registered agent for defendant Nufarm Americas Inc., please find a copy of the following documents with regard to the above-entiled action:

1. Summons;

2. Complaint and Jury Demand; and

3. Plaintiff's Interrogatories and Request for Production of Documents.

Please be advised that you have twenty (20) days from the date of service to answer the complaint in this matter.

Respectfully,

SCOTT K. PORSBORG
E-Mail: sporsborg@smithbakke.com

Sheldon A. Smith*
Randall J. Bakke*■●
Scott K. Porsborg*■●
Suzanne M. Schweigert*
Shawn A. Grinolds*■
Mitchell D. Armstrong*■
David R. Phillips*

slf
enclosures
cc: DJ Coleman(w/ enc.)

Corporation Service Company.1

\* Licensed in North Dakota
■ Licensed in Minnesota
● Licensed in South Dakota
✱ Board Certified Civil Trial Specialist by National Board of Trial Advocacy